**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Dexter Tyson, | ) | Civil Action No.: 4:19-2818-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| W.E. Mackleburg, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that Respondent's motion for summary judgment on Petitioner's 28 U.S.C. § 2241 petition be granted. (Dkt. No. 19.) For the reasons set forth below, the Court adopts the R & R as the order of the Court and grants Respondent's motion.

**I.     Background**

Petitioner Dexter Tyson is an inmate at F.C.I. Estill proceeding *pro se* to petition for habeas corpus relief under 28 U.S.C. § 2241. He "challenges his loss of his Good Conduct (GCT) Time Credits" resulting from two decisions of the Disciplinary Hearing Officer ("DCO") at F.C.I. Jessup, Georgia, where he was incarcerated in 2017. First, the DCO found Tyson guilty of stealing and sanctioned him to a disallowance of 27 days GCT and loss of commissary privileges for six months. Then, the DCO found Tyson guilty of violating "Code 219, Stealing" and Code 203, Threatening Another with Bodily Harm" and sanctioned him to 30 days of disciplinary segregation, loss of commissary privileges for twelve months, and disallowance of 27 days GCT. (Dkt. No. 1 at 1, No. 1-1 at 3.) Tyson now seeks habeas relief under § 2241, arguing that the "reporting officer showed favoritism and lack of impartiality in charging a Code 219 violation in regards to Incident Report number 2970268 and regarding the violation of Code

203, the (DHO) failed to properly review the greater weight of the evidence in regards to Incident Report number 2975819. (Dkt. No. 1-1 at 3-4.)

Warden Mackleburg of F.C.I. Estill now moves to dismiss or for summary judgment on the petition, arguing that the record reflects Tyson was afforded due process in the disciplinary hearings. (Dkt. No. 14.) Tyson responded in opposition. (Dkt. No. 17.) The Magistrate Judge appropriately construed the Warden's motion as for summary judgment, so as to consider the record outside the pleadings. Tyson filed no objections to the R & R.

## II.   Legal Standard

### A.   Review of R & R

The Magistrate Judge makes a recommendation to this Court that has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. Where a petitioner has not objected, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### B.   Motion for Summary Judgment

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact" and it is therefore entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Summary judgment should therefore be granted "only when it is clear that there is no

dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.,* 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment has the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-movant must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. For this showing, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III.     **Discussion**

The Court finds that the Magistrate Judge ably addressed the merits of Respondent's motion for summary judgment and, on the record, correctly found that there is no dispute of material fact as to whether Tyson was afforded due process in the challenged disciplinary proceedings. Inmates are entitled to limited due process rights in prison disciplinary proceedings to the extent that a protected liberty interest is affected. Inmates also have a protected liberty interest in the accumulation of good time credits. *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). At a prison disciplinary proceeding where a prisoner faces the possible loss of good conduct credits, he is entitled to certain due process protections including advanced written notice of the charges against him, a hearing, the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision. *Id.* at 564-71. The inmate's substantive due process rights are satisfied if the disciplinary hearing

decision was based upon "some evidence." *Superintendent, Mass. Corr. Institute v. Hill*, 471 U.S. 445, 455 (1985).

Here, construing the record in a light most favorable to Tyson, there is no dispute of material fact as to whether his due process rights under *Wolff* and *Hill* were maintained. For each of the two charges, Tyson received a copy of the Incident Report advising him of the charges; was given notice of the hearing; was assigned a staff representative as requested at the hearing; the hearing was conducted; and Tyson received the DHO decision outlining the evidence, sanctions and appeal rights. Tyson then appealed both DHO decisions. (Dkt. No. 14-1.) Tyson contests that each DHO found "some evidence" of misconduct, but the record does not reasonably support a finding that the DHO decisions were based on a higher legal standard than required. For these reasons, Respondent is entitled to summary judgment on Tyson's § 2241 petition.

### IV.    Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R & R (Dkt. No. 19) as the order of the Court and **GRANTS** Respondent's motion for summary judgment (Dkt. No. 14). Petitioner's § 2241 petition (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**.

AND IT IS SO ORDERED.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

May 5, 2020
Charleston, South Carolina